IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CHERYL BROTHERSON, by and through Kasiah Roberts, her next of friend and attorney-in-fact;

        Plaintiffs,

vs.

(2) SAMANTHA GALLOWAY, Director of Oklahoma Department of Human Services, in her official capacity;
(3) KEVIN CORBETT, CEO of Oklahoma Health Care Authority, in his official capacity;

        Defendants.

Case No. CIV- 22-1105-J

## COMPLAINT

This is a civil action for injunctive relief and damages resulting from violations of 42 U.S.C. §1983 and §1988. Plaintiff, Cheryl Brotherson (**"Brotherson"**), is an individual who applied for Medicaid benefits and is being improperly denied benefits. Plaintiff seeks injunctive and declaratory relief against Defendants, Samantha Galloway (**"Galloway"**) in her official capacity as (interim) Director of the Oklahoma Department of Human Services (**"OKDHS"**) and Kevin Corbett (**"Corbett"**) in his official capacity as CEO of the Oklahoma Health Care Authority (**"OHCA"**) requiring OKDHS and OHCA to determine Plaintiff eligible for Medicaid benefits.

Defendants' failure or refusal to determine Plaintiff eligible for Medicaid benefits violates federal rights guaranteed to her and enforceable by them pursuant to 42 U.S.C. §1983; 42 U.S.C. §§1396a(a)(8); 42 C.F.R. §435.912; 42 C.F.R. §907(e)(1); Shanks-Marrs

1

v. Lake, 2013 U.S. Dist. LEXIS 188627, *6-7 (W.D. Okla. June 14, 2013); Gragert v. Hendrick, 2014 U.S. Dist. LEXIS 8771, *8 (W.D. Okla. Jan. 24, 2014); Peterson v. Lake, 2014 U.S. Dist. LEXIS 89674, *17-18 (W.D. Okla. June 30, 2014); Frantz v. Lake, 2014 U.S. Dist. LEXIS 116916, *17-18 (W.D. Okla. Aug. 22, 2014) and Ansley v. Lake, 2016 U.S. Dist. LEXIS 30014, *11 (W.D. Okla. Mar. 9, 2016).  Plaintiff challenges Defendants' actions or inactions as detailed below.

## PARTIES

1. Plaintiff Brotherson is a 69-year-old resident of Enid, Garfield County, Oklahoma who applied for benefits under Oklahoma's medical assistance program, pursuant to 42 U.S.C. §1396 et seq.  Kasiah Robinson is Brotherson's acting attorney-in-fact pursuant to a power of attorney executed by Brotherson.  (See Brotherson Power of Attorney, attached hereto as **Exhibit 1**.)

2. Defendant Galloway is acting Director of OKDHS.  Galloway is sued in her official capacity.  As Director of OKDHS, Galloway has a duty to ensure the State of Oklahoma's federally funded Medicaid program is administered in accordance with federal and state law.

3. Defendant Corbett is CEO of the OHCA.  Corbett is sued in his official capacity.  As CEO of OHCA, Corbett has the duty to ensure the State of Oklahoma's federally funded Medicaid program is administered in accordance with federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. Pursuant to 18 U.S.C. §1343(a)(4), this Court is authorized to enter judgment for violations of 42 U.S.C. §1983 and §1988.

6. This Court is authorized to grant injunctive relief pursuant to 28 U.S.C. §2202.

7. Venue is proper in this Court under 28 U.S.C. §1391(e)(1) as Plaintiff resides in this District and the events giving rise to the claims contained herein occurred in this District.

## LEGAL ALLEGATIONS

8. Title XIX of the Social Security Act is codified at 42 U.S.C. §1396 et seq. and governs the federal Medicaid program. It authorizes the establishment by states of medical assistance programs for individuals who meet certain eligibility requirements. These programs are jointly funded by the federal and state governments and are designed by states within the framework of options and requirements established under the Medicaid statute.

9. Pursuant to the federal statutory scheme, "all individuals wishing to make application" for Medicaid benefits "shall have the opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. §1396a(a)(8).

10. 42 C.F.R. §435.912(a)(1) provides, "Timeliness standards refer to the maximum period of time in which every applicant is entitled to a determination of eligibility, subject to the exceptions in paragraph (e) of this section."

11.     42 C.F.R. §435.912(b)(1) states, "[t]he agency must establish in its State plan timeliness and performance standards for, promptly and without undue delay determining eligibility for Medicaid for individuals who submit applications to the single State agency of its designee."

12.     42 C.F.R. §435.912(c)(3)(ii) says, "Except as provided in paragraph (e) of this section, the determination of eligibility for any applicant may not exceed forty-five days for all other applicants."

13.     42 C.F.R. §435.912(e) provides, "The agency must determine eligibility within the standards except in unusual circumstances, for example – (1) When the agency cannot reach a decision because the applicant or an examining physician delays or fails to take a required action, or (2) When there is an administrative or other emergency beyond the agency's control."

14.     42 C.F.R. §435.912(g) states, "The agency must not use the time standards – (1) As a waiting period before determining eligibility; or (2) As a reason for denying eligibility (because it has not determined eligibility within the time standards)."

15.     In interpreting this statute and its related regulations, the District Court for the Western District of Oklahoma stated, "Nonetheless, the statute and regulation are clear that delay should be the exception and not the rule.  The court therefore concludes a rebuttable presumption of a violation of the reasonable promptness requirement occurs when the agency fails to issue an eligibility decision within 45 days of the date of the application.  In those instances, the burden of production and proof shifts to the agency to

establish that one of the two exceptions to the 45-day limit applies." Shanks-Marrs, 2013 U.S. Dist. LEXIS 188627 at *7-8.

## FACTUAL ALLEGATIONS

16. Plaintiff Brotherson is a married individual with one adult child being Kasiah Robinson.

17. Plaintiff Brotherson entered The Commons, A United Methodist Retirement Community, in Enid, Oklahoma on December 17, 2021. She suffers from advanced dementia and is physically incapable of caring for herself.

18. Plaintiff Brotherson applied for Medicaid benefits on or about February 2, 2022 and has not received a decision from OKDHS regarding her application for eligibility for Medicaid benefits (more than 300 days after applying for Medicaid). (See Brotherson's Request for Benefits, Eligibility Information for Benefits, and Rights, Responsibilities, and Signature for Benefits, attached hereto as **Exhibit 2**).

19. On March 29, 2022, OKDHS conducted an interview regarding Ms. Brotherson's Medicaid application. (See Interview Notice attached hereto as **Exhibit 3**).

20. OKDHS then issued an ADM-92 requesting additional information to which Mrs. Brotherson has responded. (See ADM-92 dated 4/15/22 and Response Letter attached hereto as **Exhibit 4**.)

21. OKDHS issued another ADM-92 on June 30, 2022. Plaintiff Brotherson responded to this request July 11, 2022. (See ADM-92 dated 6/30/22 and Response Letter attached hereto as **Exhibit 5.)**

22. OKDHS and OHCA have failed or refused to take any additional action on Plaintiff Brotherson's Medicaid application.

23. As of December 22, 2021, Plaintiff Brotherson met the financial eligibility requirements for Medicaid; and therefore, is eligible to be a Medicaid beneficiary as of that date.

COUNT I
VIOLATION OF 42 U.S.C. §1396a(a)(8) AS DEFINED BY 42 C.F.R. §435.912

24. Plaintiff Brotherson incorporates and restates each of the above paragraphs as if fully set forth herein.

25. No state court action is pending related to this matter.

26. Plaintiff is eligible and qualifies for Medicaid benefits.

27. Defendants have deprived Plaintiff of her federal statutory rights by failing and refusing to provide Plaintiff with Medicaid benefits with reasonable promptness pursuant to 42 U.S.C. §1396a(a)(8) and as defined by 42 C.F.R. §435.912.

28. Defendants have further deprived Plaintiff of her federal statutory rights by failing and refusing to act on Plaintiff's application for Medicaid benefits within 45 days after the filing of her application as provided in 42 C.F.R. §435.912.

29. Defendants' failures and refusals directly violate 42 U.S.C. §1396a(a)(8) and 42 C.F.R. §435.912.

30. Defendants have acted under color of state law when depriving Plaintiff of her federal rights.

31. As a direct and proximate result of the Defendants' violation of the Plaintiff's federal statutory rights, Plaintiff has sustained injuries and damages.

## COUNT II
## PRELIMINARY AND PERMANENT INJUNCTION

32. Plaintiff Brotherson incorporates and restates each of the above paragraphs as if fully set forth herein.

33. Plaintiff Brotherson is without sufficient income or resources to pay for her current nursing home care.

34. Although Plaintiff Brotherson is eligible for Medicaid benefits, Defendants have refused to determine her eligible, place her in Medicaid pay status and provide Medicaid benefits.

35. Defendants' actions result in ongoing irreparable injury to Plaintiff Brotherson.

36. Without Medicaid benefits, Plaintiff Brotherson faces eviction from her nursing home, and as a result, termination of personal care, medical care, shelter, food, and related necessary services.

37. The benefits to Plaintiff Brotherson if a preliminary injunction is issued requiring the Defendants to pay Medicaid benefits to the Plaintiff outweigh any damage that may be caused to the Defendants by said issuance.

38. The public interest favors administering care to elderly individuals who are otherwise unable to provide for their own basic needs.

39. Plaintiff Brotherson is substantially likely to prevail on the merits of her claims as Defendants have blatantly and flagrantly violated 42 U.S.C. §1396a(a)(8) and 42 C.F.R. §435.912.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff requests this Court grant the following relief:

A. Enter preliminary and permanent injunctions ordering Defendants to cease denying Medicaid coverage to Plaintiff Brotherson and ordering Defendants to certify Plaintiff Brotherson eligible for Medicaid benefits effective as of the date contained herein;

B. Enter preliminary and permanent injunctions ordering Defendants to pay Medicaid benefits for Plaintiff Brotherson effective as of the date contained herein;

C. Enter preliminary and permanent injunctions ordering Defendants to evaluate Medicaid applications within 45 days after receiving Medicaid applications;

D. Order the relief awarded herein shall at least be effective as of the first day of the third month before the month in which Plaintiff applied for Medicaid benefits in accordance with 42 U.S.C. §1396a(a)(34);

E. Grant Plaintiff Brotherson all attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

F. Order any and all other relief deemed just and equitable.

Respectfully submitted:

/s/ Michael Craig Riffel

Michael Craig Riffel, OBA #16373
Katresa J. Riffel, OBA #14645
Megan Hickman, OBA #30106
Riffel, Riffel & Benham, P.L.L.C.
3517 Owen K. Garriott, Suite One
Enid, Oklahoma 73703 Telephone:
(580) 234-8447 Facsimile: (580) 234-5547
criffel@westoklaw.com
kriffel@westoklaw.com
mhickman@westoklaw.com
Attorneys for Plaintiff